**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER TULIO RODAS REYES, | No. 13-73177 |
| Petitioner, | Agency No. A072-683-204 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 15, 2017
San Francisco, California

Before: BERZON and CLIFTON, Circuit Judges, and GARBIS,** District Judge.

Walter Tulio Rodas Reyes petitions for review of the Board of Immigration

Appeals' ("BIA's") decision dismissing his appeal and ordering him removed to

Guatemala. The BIA affirmed the Immigration Judge's ("IJ's") order concluding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Marvin J. Garbis, United States District Judge for the District of Maryland, sitting by designation.

that Rodas Reyes assisted in the persecution of others while working as an officer with the National Police in Guatemala in the 1980s, making him ineligible for asylum, withholding of removal, withholding of removal under the Convention Against Torture ("CAT"), cancellation of removal, and special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). We deny the petition.

1. The IJ properly considered the record of Rodas Reyes's asylum interview as evidence pertaining to his eligibility for relief. Asylum interview records sometimes lack the indicia of reliability necessary for them to constitute substantial evidence of a petitioner's activities. *See Singh v. Gonzales*, 403 F.3d 1081, 1089–90 (9th Cir. 2005). However, the record of Rodas Reyes's asylum interview shows that he testified under oath and with the aid of a translator. Further, although there is no transcript of the interview, there are some "detailed, contemporary, chronological notes of the interview." *See id.* at 1089. And, although the asylum officer who conducted the interview was unavailable to testify, the supervising officer whose name is listed on the Assessment to Refer adequately authenticated as business records the interview notes and Assessment to Refer.

2. Substantial evidence supports the IJ's determination that, while working as a National Police officer in Guatemala, Rodas Reyes assisted in the persecution of others on the basis of their political opinions.

The Immigration and Nationality Act bars from obtaining the forms of relief at issue on appeal those who have "ordered, incited, assisted, or otherwise participated in" persecution of any person on account of a protected ground. 8 U.S.C. §§ 1158(b)(2)(A)(i) (asylum), 1229b(c)(5) (cancellation of removal for nonpermanent residents), 1231(b)(3)(B)(i) (withholding of removal); 8 C.F.R. §§ 1208.16(d)(2) (withholding of removal under CAT), 1240.66(a) (special rule cancellation of removal under NACARA). "[D]etermining whether a petitioner assisted in persecution requires a particularized evaluation of both personal involvement and purposeful assistance in order to ascertain culpability." *Miranda Alvarado v. Gonzales*, 449 F.3d 915, 927 (9th Cir. 2006) (internal quotation marks omitted). In determining whether a petitioner meets this standard, we examine whether his involvement in the persecution was "active or passive" and whether his actions "were material to the persecutory end." *Kumar v. Holder*, 728 F.3d 993, 998–99 (9th Cir. 2013). "This standard does not require actual trigger-pulling, but mere acquiescence or membership in an organization[] is insufficient to satisfy the

persecutor exception." *Miranda Alvarado*, 449 F.3d at 927 (internal quotation marks, brackets, and citations omitted).

The interview notes, together with the United States Citizenship and Immigration Services report on the activities of the Guatemalan National Police in the 1980s, raise the inference that Rodas Reyes assisted in the persecution of others. According to the asylum officer's interview notes, Rodas Reyes "was a motorcycle cop and also worked with intelligence." He arrested people and brought "many" suspects to jail, knowing some would be interrogated by a special unit that imprisoned or summarily executed suspects. The limited evidence in the record thus indicates both personal involvement and purposeful assistance. *See id.* at 929 (implying that a petitioner who "arrest[ed] the victims or [brought] them to the place of torture" would meet the standard); *compare, e.g.*, *Kumar*, 728 F.3d at 999 (concluding a constable who did not arrest anyone was not subject to the persecutor bar).

Further, there is substantial evidence to indicate that there was a nexus between Rodas Reyes's assistance in persecution and a protected ground, namely, political opinion. *See Miranda Alvarado*, 449 F.3d at 930. For instance, Rodas Reyes agreed that arresting "people who were not supporters of [the] gov[ernmen]t" was part of his job. His collaboration with intelligence officers

suggests his work went beyond arresting ordinary criminals. And, after the asylum officer clarified that he was "referring to political" arrestees when asking what happened to those Rodas Reyes arrested, Rodas Reyes stated that they would be investigated and, if found guilty by the investigators, could be jailed for many years or executed.

The evidence in the record therefore "indicated" that Rodas Reyes was subject to the persecutor bar, thus shifting to him the burden to demonstrate otherwise by a preponderance of the evidence. *Id.* at 930; *see also* 8 C.F.R. §§ 1208.13(c)(2)(ii), 1208.16(d)(2), 1240.8(d). The IJ found Rodas Reyes not credible, and Rodas Reyes now does not challenge this finding, which is certainly supported by substantial evidence. As nothing in the record aside from Rodas Reyes's testimony undermines the account included in the asylum officer's notes, Rodas Reyes has not carried his burden to show that he was not a persecutor of others. He is thus ineligible for the relief he seeks.[1]

**DENIED.**

---

[1] Rodas Reyes does not raise on appeal his earlier requests for voluntary departure and deferral of removal under the CAT.